IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KLIMA WELL SERVICE, INC.,

        Plaintiff,

vs.                                      Case No. 14-1250-SAC

HARRY HURLEY, et al,

        Defendants.

MEMORANDUM AND ORDER

This case, removed from state court, comes before the Court on Plaintiff's motion to remand. Plaintiff contends that Defendant Miles Hirson[1] failed to timely join in or consent to the removal, rendering the removal defective.

The relevant facts are undisputed. On July 11, 2014, Plaintiff filed its petition against defendants Scott Scammell ("Scammell"), Harry Hurley ("Hurley"), and Miles Hirson ("Hirson") in the District Court of Kingman County, Kansas ("State Court Action"). The petition alleged that all defendants were domiciled outside the state of Kansas and had failed to pay the operating expenses incurred from the working interests each held in oil and gas leases located in Kingman County, Kansas.

---

[1] Plaintiff's motion alleges that Defendant Scott Scammel III failed to comply with the removal statute, but the motion elsewhere alleges, as does the memorandum, that Defendant Hirson has failed to join.

Defendant Scammell was served on July 16, 2014, and Defendant Hurley was served by certified mail on July 17, 2014, but Defendant Hirson did not receive personal service of process. Plaintiff published notice in a paper of general circulation in Kingman County, Kansas for three consecutive weeks - on August 7th, 14th, and 21st of 2014. The parties agree that Hinson was served by publication on August 21, 2014.

On August 8, 2014, defendant Scammell filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446. Defendant Hurley consented to and joined the removal on August 14, 2014, but Defendant Hinson has not consented to or joined the removal. Plaintiff contends that Defendant Hinson had 30 days after service on the first-served defendant to join in the removal, and that his failure to do so warrants remand.

Having limited jurisdiction, federal courts employ a presumption "against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995). The party seeking removal has the burden to show the propriety of removal and the existence of removal jurisdiction. *Ortiz v. Biscanin*, 190 F.Supp.2d 1237, 1241 (D.Kan. 2002); *see McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Baby C v. Price*, 138 Fed.Appx. 81, 83–84 (10th Cir. 2005). Federal courts strictly construe removal statutes and resolve all doubts in favor of remand. *See Ortiz*, 190 F.Supp.2d at 1241.

2

Where, as here, removal is based on diversity jurisdiction, 29 USC § 1446 applies. That statute provides:

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446(b)(2)(a). This case was removed solely under § 1441(a) (providing for removal of cases in which the district courts of the United States have original jurisdiction). *Compare* § 1444 (permitting the U.S. or its agencies to remove certain cases without consent from all defendants and without showing diversity or federal question jurisdiction). Accordingly, § 1446 applies. This statute has been interpreted to mean that those defendants who have been properly joined and served *at the time the action is removed* must join in or consent to the removal.

In December of 2011, Section 1446 was amended as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"). Pub.L. No. 112–63, § 103(b), 125 Stat. 758, 760–61 (Dec. 7, 2011). The amended version of § 1446 is stated above.

Prior the JVCA, 28 U.S.C. § 1446(a), provided in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and order served upon him or them in such action.

Courts interpreted that subsection as requiring all defendants to join in the removal petition. *Cohen v. Hoard,* 696 F.Supp. 564 (D. Kan. 1988) (citing cases). That requirement was commonly referred to as the unanimity rule. *McShares, Inc. v. Barry,* 979 F.Supp. 1338, 1342 (D.Kan. 1997). But an exception to that unanimity rule provided that "nominal, unknown, unserved or fraudulently joined defendants" did not need to join or consent to removal. *McShares,* 979 F.Supp. at 1342.

Now unanimity is no longer required, as the plain language of the statute requires joinder or consent for removal by only those defendants who have been properly joined and served. Thus a defendant who has not been served with process as of the date of removal is not required to join. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 540-41, 59 S.Ct. 347, 83 L.E d. 334 (1939). In *Pullman*, the Supreme Court explained the reason for this rule:

> Where there is a non-separable controversy with respect to several non-resident defendants, one of them may remove the cause, although the other defendants have not been served with process and have not appeared. (Citations omitted.). In such a case there is diversity of citizenship, and the reason for the rule is stated to be that the defendant not served may never be served, or may be served after the time has expired for the defendant who has been served to apply for a removal, and unless the latter can make an effective application alone, his right to removal may be lost. *Hunt v. Pearce*, 8 Cir., 284 F. page 324.

*Pullman Co.,* 305 U.S. at 540-541.

Accordingly, the Tenth Circuit has held that a defendant's consent to removal was not necessary where he had not been served at the time

another defendant filed its notice of removal. *See Sheldon v. Khanal*, 502 Fed.Appx. 765 (10th Cir. 2012) (unpublished). In *Sheldon,* as here, the plaintiff argued that the case should be remanded to state court because one of the defendants had not joined the notice of removal. *See* 502 Fed.Appx. at 769–71. The Judge disagreed, rejecting the argument as "contrary to the clear statutory language requiring only served defendants to consent to removal." *Sheldon,* 502 Fed.Appx. at 770. The case found that the defendant's consent to removal was not necessary where he had not been served at the time the other defendant filed the notice of removal.

District courts within the Tenth Circuit have done likewise. See e.g. *Atkins v. Heavy Petroleum Partners, LLC,* 2014 WL 4657105, 5 (D. Kan. 2014) (holding that three defendants who had not been served when the removing defendants filed the notice of removal did not need to consent to the removal because the clear statutory language of 28 U.S.C. § 1446(b)(2)(A) requires only served defendants to consent to removal); *May v. Board of County Com'rs for Cibola County*, 945 F.Supp.2d 1277, 1298 (D.N.M. 2013) (denying motion to remand, "[b]ecause neither the statute nor the Tenth Circuit require[s] such action, the Defendants need not, to advance the purpose of the unanimity, account for every Defendant in the notice of removal if the Defendant has not yet been served.")

Cases decided prior to the statutory revision are to the same effect. *See e.g., Brady v. Lovelace Health Plan*, 504 F.Supp.2d 1170 at 1173

(D.N.M. 2007) (finding "a defendant who has not yet been served with

process is not required to join"); *Cramer v. Devera Management Corp.*, 2004

WL 1179375, 2 (D.Kan. 2004) (finding it "well settled ... that a defendant

who has not been served need not join in or consent to removal.")

> This exception for unserved defendants rests on the "bedrock
> principle" that "[a]n individual or entity named as a defendant is not
> obliged to engage in litigation unless notified of the action, and
> brought under a court's authority, by formal process." *Murphy Bros.,
> Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347, 119 S.Ct.
> 1322, 143 L.Ed.2d 448 (1999).

*Cramer*, 2004 WL at 2 (denying motion to remand because consent of

unserved defendant was not required).

Plaintiff erroneously relies on *McShares,* which, based on the statutory

language in effect at that time, held that a removing defendant must file the

notice of removal within thirty days of service on the first-served defendant.

979 F.Supp. at 1343-44. That statute has since been amended to replace

the first-served rule with the last-served rule, permitting "[e]ach defendant

[to] have 30 days after receipt by or service on that defendant of the initial

pleading or summons of the initial pleading or summons ... to file the notice

of removal." 28 U.S.C. § 1446(b)(2)(B). More importantly, in *McShares*,

unlike here, all defendants had been served before the notice of removal

was filed. *See* 979 F.Supp. 1338, 1344, n. 4. (D.Kan. 1997).

Plaintiffs do not contend and provide no support for an argument that

once properly served, Hinson had to consent to the removal *after* the fact.

No cases supporting that proposition have been found in this jurisdiction,

6

and the argument appears contrary to cases in other jurisdictions. The federal statutes contemplate that in removed cases "in which any one or more of the defendants has not been served with process…" service may be completed after removal and the unserved defendant retains a right to remand the case. 28 USC § 1448. That right does not affect, however, the plaintiff's right to remand. *See Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) ("the removal statute contemplates that once a case has been properly removed the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion"); *Paragon Tank Truck Equipment, LLC v. Parish Truck Sales, Inc.*, 2014 WL 2739155, 1-2 (W.D.Wis. 2014); *Diversey, Inc. v. Maxwell,* 798 F.Supp.2d 1004, 1005–06 (E.D.Wis. 2011) (unserved defendant does not need to consent after being served and retains the right to "veto the removal" by moving to remand once he is served with process and makes an appearance in the case); *Smith v. FCM-MTC Medical, LLC*, 2011 WL 320978, 1 (E.D.Va. 2011) (finding unserved defendants need not join the notice of removal - after removal, service may be completed on defendants who had not been served in the state proceeding, but their statutory right to move to remand the case confers no rights upon a plaintiff.)

IT IS THEREFORE ORDERED that Plaintiff's motion to remand is denied.

Dated this  2nd  day of December, 2014, at Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge