IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KLIMA WELL SERVICE, INC.,

        Plaintiff,

v.                                                                                  Case No. 6:14-cv-01250-JTM

HARRY HURLEY,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on a motion by plaintiff Klima Well Service, Inc., ("Klima") to substitute several parties in its place. Dkt. 60. The motion alleges that on January 6, 2016, Klima entered into an agreement in which it transferred all of its interests relating to this case to the following transferee parties: Mark A. Keenan; Keenan Business Group, Limited Partnership[1]; William Conner; Conner Oil & Gas, LLC; and C&K Operating, Inc.

Defendant Hurley objects to the requested substitution for a multitude of reasons, including an asserted lack of standing and an allegedly improper substitution of C&K as the operator of the Alameda unit. Dkt. 63. Defendant also argues substitution is improper because the claims which the transferees might assert (breach of contract, quasi-contract, quantum meruit, or unjust enrichment) were not properly pled by Klima. *Id*. at 9. Defendant also makes what are essentially merits-based arguments,

---

[1] The transferee parties have submitted affidavits and other materials to show that this entity was originally misidentified in the January 6 agreement as "Keenan Business Group, LLC," but the correct entity has now been identified through an amendment to the agreement. Dkt. 66 at 5.

including that the transferee parties cannot recover because Klima breached the Alameda unit operating agreement or because Klima and the transferee parties have unclean hands. *Id*. at 10-12.

**I. Background**

Impact Global Resources was the working interest owner and operator of the Alameda unit in Kingman County, Kansas, until about November of 2011. Impact was dissolved at that point and the working interest was assigned to various investors. Klima obtained a 5.4% undivided working interest (a related entity named Klima Oil, Inc. also obtained an 11% interest) and defendant Hurley was assigned an undivided 2.7% working interest.

In July of 2014, Klima filed this action against Hurley (and others), alleging that Hurley was indebted to Klima for unit operating expenses incurred on behalf of his 2.7% working interest. The petition alleged an amount due of $75,296.56 for the period February 2013 to February 2014. It alleged that Klima held a valid mechanic's lien for this amount pursuant to K.S.A. § 55-207, et seq. It further alleged that Hurley would become indebted to Klima for ongoing operating expenses on the Alameda unit "from February 28, 2014, forward," including $10,736.17 for March through May of 2014. Dkt. 7-1 at 6. It sought foreclosure of its mechanic's lien and a money judgment for operating expenses due "and for future operating expenses incurred from June 1, 2014, forward, until the time of sale" of Hurley's interest.

A pretrial order was prepared in August 2015. Dkt. 40. Klima asserted in the pretrial order that its claims included breach of contract, quasi-contract, quantum

2

meruit, and unjust enrichment. Dkt. 40 at 4-5. Hurley objected to these claims, arguing that Klima had not properly pled them. *Id*. As of the pretrial order date, Klima claimed damages in the amount of $119,848.97.

In September 2015, Judge Crow denied Hurley's motion for summary judgment, which argued that Klima could not hold or enforce a mechanic's lien against Hurley's 2.7% working interest. Dkt. 44. With respect to Hurley's objections in the pretrial order, Judge Crow commented (without ruling) as follows: "The petition arguably provided notice that the plaintiff operator was seeking to recover these unpaid operating expenses pursuant to the Kansas law on operating agreements, on oil and gas mechanic's liens, and on the policy behind these laws which opposes leasehold owners from being unjustly enriched at the expense of those who perform labor and furnish material for the operation of an oil and gas lease." Dkt. 44 at 19.

Klima's motion to substitute parties alleges that it entered an agreement on January 6, 2016, in which it assigned all of its 5.4% working interest to Keenan Business Group (2.7%) and to Conner Oil & Gas, Inc. (2.7%). Dkt. 60 at 2. Klima further alleges that it assigned operations in the Alameda unit to C&K Operations, LLC, effective January 1, 2016. *Id*.

**II. Discussion**

Substitution of parties is governed by Fed. R. Civ. P. 25, which provides in part: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). This rule vests the court with

3

discretion to substitute a party where an interest has been transferred. *See Medical Supply Chain, Inc. v. Neoforma, Inc.*, 322 Fed.Appx. 630, 632, 2009 WL 1090070 (10th Cir. 2009). It is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit. *ELCA Enterprises, Inc. v. Sysco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) (cite omitted).

The court finds that good cause has been shown for the requested substitution of parties. Klima has shown that it transferred all of the interests underlying its claims to the transferee parties. The court has considered but rejected Hurley's arguments against the substitution. For example, Hurley argues that the January 6 transfer agreement only transferred the interests of "Klima-Operator" and did "not transfer the interests of Klima-Contractor[,] which are the sole basis for this litigation." Dkt. 63 at 4.  As Klima points out, however, the agreement clearly provided that the transferees acquired "any rights" held by Klima for amounts owed by investors for work done and expenses incurred prior to January 1, 2016.  Dkt. 60-1 at 3.  That includes the sums allegedly owed by Hurley and Klima's mechanic's lien for unpaid expenses. Hurley also claims that C&K was not properly substituted as operator, but Klima's reply shows that C&K has been selected as operator by the required percentage of working interest owners. Dkt. 66-3 at 2. Hurley also claimed that Keenan Business Group and Conner Oil & Gas lacked standing because these entities were not properly registered in Kansas.  Klima has shown that these entities are now properly registered and have standing to pursue the claims. Dkts. 66-1, 66-2.

The court also rejects Hurley's argument that substitution is improper because of Klima's allegedly inadequate pleading of its claims. As Judge Crow indicated in his summary judgment order, Klima's petition put defendant on notice that it was seeking to recover unpaid expenses pursuant to the Kansas law on operating agreements, pursuant to its mechanic's lien, and pursuant to equitable principles, including unjust enrichment. Dkt. 44 at 19. The court therefore rejects Hurley's argument that substitution should be denied on this basis and also denies his objection to the assertion of these theories in the pretrial order. The pleadings and the pretrial order make abundantly clear that the operator claims that it paid expenses necessary for the operation of the unit and that defendant has a legal and equitable obligation to pay his share of the expenses. As for defendant's assertion that the transferee parties cannot recover because of unclean hands or for Klima's asserted breach of contract, those arguments go the merits of the claims and not to whether the transferees are properly substituted for Klima.

Finally, the court rejects Hurley's assertion that substitution is improper because "any outstanding debt has been settled." Dkt. 63 at 11. Transferees have provided uncontroverted affidavits showing that the transferees made settlements in January 2016 with some vendors who provided services and materials after February 28, 2014 – meaning Hurley's alleged obligation for expenses before that date were unaffected -- but it was not a complete settlement of all expenses and, in any event, it did not relieve working interest owners of their obligation to reimburse reasonable expenses incurred by the operator for the benefit of the unit.

**IT IS THEREFORE ORDERED** this 16th day of March, 2016, that Klima Well Service's motion to substitute Mark A. Keenan; Keenan Business Group, Limited Partnership; William Conner; Conner Oil & Gas LL; and C&K Operations, Inc. (Dkt. 60) is GRANTED.  These parties shall be substituted for Klima Well Service as the plaintiffs in this case.

It is further ordered that defendant Harry Hurley's objections to plaintiff's assertion of claims in the pretrial order are DENIED.

Plaintiffs' response to defendant's motion to file a summary judgment motion out of time is due 20 days after the filing of this order.

           ___s/ J. Thomas Marten_____
           J. THOMAS MARTEN, JUDGE