IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK KEENAN; KEENAN GROUP
LIMITED PARTNERSHIP; WILLIAM
CONNER; CONNER OIL & GAS, LLC;
and C&K OPERATIONS, LLC,

    Plaintiffs,

v.             Case No. 6:14-cv-01250-JTM

HARRY HURLEY, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Harry Hurley's motion to modify the pretrial order to allow him to file a summary judgment motion out of time. Under the governing standard, which provides that such a modification shall be made "only to prevent manifest injustice," the court concludes that the motion should be denied.

**I. Background.**

This action was filed in July of 2014, in Kingman County, Kansas. It was brought by plaintiffs' predecessor-in-interest, Klima Well Service, against working interest owners in an oil and gas unit in Kingman County. Klima, the operator of the Alameda Unit, claimed that several working interest owners, including defendant Harry Hurley, were indebted to Klima for operating expenses incurred on their behalf. Klima claimed a mechanic's lien against the working interests and sought to foreclose its lien and to obtain a money judgment. The action was removed to this court in August of 2014.

In July 2015, Hurley filed a motion for summary judgment. (Dkt. 35). In August 2015, Judge Crow entered a Pretrial Order (Dkt. 40). Klima set forth its claims in the Pretrial Order, including a statutory lien claim (K.S.A. § 55-207), breach of contract, quasi-contract, quantum meruit, and unjust enrichment. Hurley objected to all but the statutory lien claim, arguing Klima had not properly pled them. Hurley set forth various defenses, including that Klima could not claim a lien on a fraction of the working interest, that Klima had breached the operating agreement, that various factors barred equitable recovery, and that Hurley had already paid expenses for a generator. The Pretrial Order noted that the parties expected a "bench trial of this case to take approximately three (3) days." Dkt. 40 at 7. The order also set a dispositive motion deadline of August 17, 2015. *Id*.

Judge Crow denied Hurley's motion for summary judgment in September of 2015, finding that Klima could assert a mechanic's lien against Hurley's share of the working interest. Dkt. 44. In November of 2015, the case was reassigned to the undersigned judge for trial. The court held a status conference with the parties on November 30, 2015. Dkt. 55. Based on that conference, the parties were directed to complete a settlement conference by February 15, 2016.

On February 1, 2016, Hurley filed a motion to file a summary judgment motion out of time. Dkt. 56. The motion asserted that Hurley had received letters dated January 11 and 12, 2016, from C&K Operations, indicating that C&K had reached an agreement with Klima to purchase Klima's interest and to take over as operator of the unit. Pointing to certain language in the letters about C&K "settling with Vendors," Hurley

2

argued it should be allowed to file a motion for summary judgment out of time "because the debts underlying the mechanic's lien have been satisfied [and] there is no need to conduct a full trial of the issues." Dkt. 56 at 3. Hurley attached a proposed motion which asserted that Klima had no standing to maintain the action because it had sold its interest and/or because C&K had resolved the underlying debt by negotiating settlements with vendors. Dkt. 56 at 10. At Hurley's request, the court excused the parties from conducting a mandatory settlement conference. Dkt. 57.

On February 11, 2016, Klima filed a motion to substitute the above-named plaintiffs in its place. Dkt. 60. The court granted the motion on March 16, 2016, finding the plaintiffs should be substituted in view of their purchase of Klima's interests. Dkt. 67. In so ruling, the court rejected Hurley's objections to plaintiffs' claims in the Pretrial Order and his arguments that C&K's settlement of certain debts eliminated the claims against him.

Plaintiffs subsequently filed their opposition to Hurley's request to file another summary judgment motion. Dkt. 68. In reply, Hurley argues – with some justification – that the plaintiffs injected additional facts concerning their purchase of Klima's interests which Hurley had not previously had an opportunity to address. Hurley contends he "is prepared to modify his proposed motion for summary judgment to reflect the new facts inserted into this case." Dkt. 69 at 7. He further asserts that he "has no obligation in contract or equity to pay Substitute Parties for debts forgiven or to reimburse it for monies never paid." *Id*. at 2.

3

**II. Discussion.**

At this stage of the proceedings, a Pretrial Order may be amended "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). In the Tenth Circuit, the following factors are generally considered in this inquiry: (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order. *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

After considering the parties' arguments, as well as the relevant factors and circumstances, the court concludes that Hurley's request to file another summary judgment motion should be denied. The court finds that Hurley will not be prejudiced by denial of the request, as he will still be able to raise his legal and factual arguments when the matter is tried to the court.  An additional summary judgment motion at this point will disrupt the proceedings and will only delay trial of the remaining issues. The court finds no bad faith in connection with the requested modification.

Hurley argues that summary judgment would narrow the issues in the case, but by his own admission (Dkt. 69 at 7) there are issues that will remain for trial, and the court is not persuaded that another round of summary judgment motions would promote judicial efficiency. The court will have to hear evidence at trial concerning Klima's asserted expenditures and whether they were prudent under the circumstances. The most efficient way of addressing the parties' claims and defenses at this point - including whether reductions are required for C&K's debt forgiveness and the validity of the asserted $ 343,446.70 debt to Klima as a third-party contractor - is to present the

evidence to the court and to have the parties submit proposed findings of fact and conclusions of law.

**IT IS THEREFORE ORDERED** this 4th day of May, 2016, that defendant Harry Hurley's Motion to File for Summary Judgment Out of Time (Dkt. 56) is DENIED.

\_\_\_s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE